Devin H. Fok, Esq. (SBN 256599)
devin@devinfoklaw.com
Joshua Kim, Esq. (SBN 257260)
joshua@devinfoklaw.com
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Tel.: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff
KURT PATRICK KRUG, as an individual

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KURT PATRICK KRUG, as an individual<br><br>Plaintiff(s),<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC. D.B.A. ACCURINT FOR GOVERNMENT; and DOES 1 TO 10, Inclusive<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff KURT PATRICK KRUG (hereafter as "Plaintiff") hereby files his Complaint for Damages and Demand for a Jury Trial against Defendant LEXISNEXIS RISK SOLUTIONS, INC.; (hereafter "Defendant") and DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant LEXISNEXIS is a consumer reporting agency as defined in 15 U.S.C. §1681a(f).
2. Defendant LEXISNEXIS is a consumer reporting agency that regularly sells consumer reports for the purposes of determining the consumer's eligibility for a license or other benefit granted by a governmental instrumentality. 15 U.S.C. §1681b(a)(3)(D).

3. On or about July 7, 2023, Plaintiff applied to the State of Michigan Department of Insurance and Financial Services ("Michigan") for a "Resident Producer License."
4. On or about August 25, 2023, Plaintiff was notified that his application "has not been processed" due to "possible criminal history" information obtained through the State of Michigan's investigation.
5. Plaintiff has never been convicted of the crime described by the August 25, 2023 letter.
6. A copy of the consumer report was never attached to the August 25, 2023 letter.
7. On or about August 29, 2023, Plaintiff was informed for the first time by Michigan that the consumer reporting agency that furnished the criminal history information was "Accurint for Government."
8. On or about August 29 or 30, 2023, Plaintiff requested a copy of his file from LEXISNEXIS pursuant to 15 USC §1681g(a).
9. On or about August 30, 2023 Plaintiff received a correspondence ("disclosure") from LEXISNEXIS wherein LEXISNEXIS disclaimed that it was a consumer reporting agency, disclaimed that its reports were consumer reports, and failed to comply with 15 USC §1681g(a) in any respect except to provide a report containing compiled public records information.
10. Specifically, the disclosure failed to contain the sources of the information; the identification of each person that procured a consumer report; and the summary of rights to obtain and dispute information in consumer reports.
11. Accordingly, Plaintiff did not know to dispute or otherwise ensure that the information maintained by LEXISNEXIS be accurate.
12. The disclosure contained a "Possible Criminal Record" which contained two counts: 1) felony armed robbery; and 2) felony weapons firearm. Under each count, LEXISNEXIS discloses the disposition as "CLOSED."
13. This disposition is inaccurate and misleading because Plaintiff was never convicted of any of these charges. These charges were previously dismissed pursuant to an "Order of Acquittal/Dismissal" entered on January 25, 2001.

14. As a direct consequence of the disclosure of this “Possible Criminal Record” to Michigan for licensing purposes, Michigan paused processing of his license.
15. As a direct result of the delay in his licensing application, Plaintiff was inconvenienced, suffered emotional distress and anxiety, and damages to his reputation as a well as a delay/denial of his employment opportunity in connection with the delay in obtaining his license from Michigian.

**THE PARTIES**

16. Defendant LEXISNEXIS is headquartered in Atlanta, Georgia and operates under the name of ***Accurint for Government*** which regularly markets itself to government agencies as a furnisher of consumer information including information related to consumer character, personal characteristics and mode of living.
17. At all times relevant herein, it knew its reports would be used, and expected to be used for purposes disclosed under 15 U.S.C. §1681b(b)(3)(D).
18. Plaintiff KURT PATRICK KRUG, for all times relevant herein, is a resident of the State of Michigan. He currently resides in the City of China and County of St. Clair.

**JURISDICTION AND VENUE**

19. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 et seq.
20. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**FAIR CREDIT REPORTING ACT**

21. The Fair Credit Reporting Act (“FCRA”) regulates dissemination and use of information “bearing on a consumer’s credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.” 15 U.S.C. §1681a(d)(1).

22. The FCRA imposes a carefully-balanced system of requirements on users (such as Michigan) and consumer reporting agencies (such as Defendants LEXISNEXIS) in order to ensure that consumer information is used "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681(b).

23. For this reason, the FCRA generally requires consumer reporting agencies to maintain a reasonable procedure to ensure "maximum possible accuracy" of reported information (15 U.S.C. §1681e(b)).

24. The FCRA also requires both the user and the consumer reporting agency to ensure that consumers are aware that consumer information is being sold about them, whom it is being sold to, and be informed of his rights under the FCRA.

25. When deprived of one or more notices required under the FCRA, a job applicant is likely deprived of a timely opportunity to review, dispute, and correct inaccurate or obsolete information that may adversely affect his employment.

**CLASS ACTION ALLEGATIONS**

26. Pursuant to Federal Rules of Civil Procedure, Plaintiff assert claims on behalf of the following Classes:

    a. **FULL FILE DISCLOSURE CLASS:** All natural persons in the United States (1) who have requested disclosure of their own information from LEXISNEXIS and (2) whose information has been furnished by LEXISNEXIS, operating as Accurint for Government, within the 2-years prior to the date of the filing of the subject complaint through the date of certification of the class.

27. Questions of law and fact common to the proposed Classes exist that predominate over questions affecting only individual members, including:

    a. Whether LEXISNEXIS is a consumer reporting agency as defined in 15 U.S.C. §1681a(f);

b. Whether consumer information LEXISNEXIS, operating as Accurint for Government, furnishes to other persons is a consumer report as defined in 15 U.S.C. §1681a(d);

c. Whether a person to whom LEXISNEXIS, operating as Accurint for Government, furnishes a consumer report is a person that requires identification by LEXISNEXIS under 15 U.S.C. §1681g(a)(3); and

d. Whether Accurint for Government knew or should have known that it should comply with 15 U.S.C. §1681g(a) in response to consumer request for information.

28. Plaintiff is a member of the proposed Classes, and the claims asserted by Plaintiff in this action are typical of the claims of the members of each proposed Class as the claims arise from the same source of conduct by Defendant(s) and the relief sought is common.

29. There are approximately 3,000 government agencies that obtain consumer information from LEXISNEXIS, operating as Accurint for Government.

30. Plaintiff is informed and believes, and alleges thereon, that there are more than 3,000 members in the proposed Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Classes, as their interests are consistent with, and not antagonistic to, the other members of the Classes.

32. Plaintiff has retained counsel competent and experienced in both FCRA and class action litigation.

33. Certification of the Classes is appropriate pursuant to Federal Rules of Civil Procedure 23(b)(3) because questions of law or fact common the respective members of each Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action, it would be unlikely that many members of the Classes would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

34. A class action is a superior method for the adjudication of the controversy in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and

without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

**Cause of Action I: 15 USC 1681e**

**(INDIVIDUAL CLAIM against LEXISNEXIS)**

35. Subsection (a) of 15 U.S.C. §1681e mandates that a consumer reporting agency maintain a reasonable procedure to ensure the maximum possible accuracy of consumer information included on a consumer report.
36. All information related to Plaintiff's criminal record is publicly and readily available including the acquittal/dismissal of Plaintiff's charges.
37. Defendant LEXISNEXIS failed to use reasonable procedures to ensure maximum possible accuracy of the information including consultation of readily available public records to ensure that the reported information is accurate and complete.
38. Defendant LEXISNEXIS knew, or should have known, that failure to consult readily available public records is not a reasonable procedure to ensure maximum possible accuracy of the reported information.
39. Defendant LEXISNEXIS's disclosure policy is therefore a willful and/or reckless violation of subsection (b) of 15 U.S.C. §1681e, and Plaintiff seeks actual, statutory, and punitive damages against Defendant.
40. In the alternative, Defendant's violation was negligent, and Plaintiff seeks actual damages against Defendant.

**Cause of Action II: 15 USC 1681g(a)**

**(CLASS CLAIM against LEXISNEXIS)**

41. Subsection (a) of section 1681g of Title 15 of the United States Code mandates that Defendant furnish the mandated information to a consumer in response to a consumer's request for information.

42. On information and belief, Plaintiff alleges that Defendant LEXISNEXIS, operating as Accurint for Government, knew, or should have known, that at all times relevant herein, it was a consumer reporting agency and that it was furnishing consumer reports for an enumerated purpose.

43. Defendant LEXISNEXIS knew, or should have known that it was required to comply with 15 USC §1681g in response to consumer requests for his or her file.

44. As a result of Defendant LEXISNEXIS's willful conduct, consumers were deprived of the right to receive notices of their rights under 15 USC §1681g including disclosure of the identity of the recipients of Plaintiff's consumer information, Plaintiff's right to dispute and otherwise ensure accuracy of the information maintained by Defendant.

45. Defendant LEXISNEXIS's willful and/or reckless violation entitles Plaintiff and members of the class statutory damages under 15 U.S.C. §1681n.

## PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For an order certifying proposed Classes and appointing Plaintiff and his counsel as the representative and class counsel for the proposed Classes;

b. For a declaration that Defendants' practices violate the FCRA;

c. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

d. For interest upon such damages as permitted by law;

e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

f. For the costs of the lawsuit;

g. For injunctive relief as applicable; and

h. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

47. Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

Dated: August 22, 2025

**DHF LAW, P.C.**

By______________________________

Devin H. Fok, Esq.
Joshua Kim, Esq.
Attorneys for Plaintiff
KURT PATRICK KRUG, as an individual